IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**LAZARO ROBBIO,**

                **Plaintiff,**

      v.                                              CASE NO. 05-3338-SAC

**(FNU)(LNU),**

                **Defendant.**

**O R D E R**

This matter is before the court on a civil rights action filed by a prisoner in federal custody and incarcerated in the United States Penitentiary, Terre Haute, Indiana.

Finding that the plaintiff had not identified a defendant, that neither the claim nor the relief sought was stated, and the plaintiff had failed to identify any efforts to use the administrative remedy procedure available to federal prisoners, the court directed the clerk of the court to transmit a form pleading to the plaintiff and granted plaintiff twenty days to complete the form and return it to the clerk of the court. (Doc. 3, Order issued August 24, 2005).

Plaintiff did not file a timely response to that order; however, on September 2, 2005, he filed a Notice of Appeal (Doc.

4).[1]  By an order entered on September 21, 2005, the court declined to certify the interlocutory appeal, denied leave to proceed on appeal in forma pauperis, and declined to stay this matter pending the resolution of the appeal.

On September 30, 2005, plaintiff submitted a pleading titled "Complaint". (Doc. 8). The caption identifies the respondent as the United States District Court, and all six pages of the complaint describe federal appellate procedure. Attached to the complaint are copies of administrative remedy requests submitted by the plaintiff. The court liberally construes this material as a response to the order of August 24, 2005.

Having considered the record, the court construes petitioner's claim to be that his institutional account balance should be $68.88, but the available balance shown on his account statement is $.48. The initial response to his request for informal resolution states that his institutional account is encumbered due to sanctions imposed by the Discipline Hearing Officer (Doc. 8, Attach. p. 1, Informal Attempt to Resolve.)

Plaintiff also filed a formal request to staff, citing a provision "Capitol Police Building and Grounds Fund", which appears to involve financial transfers relative to the maintenance of the United States Capitol. Staff prepared a

---

[1] The pleading is dated April 29, 2005, more than three months before the initial complaint was received by the clerk of the court.

response reading, "I do not understand what you are asking for. You can see me at open house and we can look at your account together." (<u>Id</u>., p. 2.) Finally, plaintiff submits a rejection notice showing that a grievance involving a disciplinary hearing appeal was rejected due to plaintiff's failure to identify a specific concern. (<u>Id</u>., p. 6.) This rejection notice was dated prior to the grievance requests submitted by the plaintiff. No other materials are provided, and it does not appear that plaintiff fully exhausted the grievance procedure by presenting his claim to regional and national personnel. <u>See</u> 28 C.F.R. 542.10-.19 (outlining remedy procedure available to federal prisoners).

The Prison Litigation Reform Act of 1996 established that "[n]o action shall be brought with respect to prison conditions under ... any ... Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. 1997e(a); <u>see also</u> <u>Porter v. Nussle</u>, 534 U.S. 516, 524-25 (2002).

Having examined the record, the court finds plaintiff has failed to demonstrate his use of the full administrative grievance procedure as required by 42 U.S.C. 1997e(a). The court concludes this matter must be dismissed.

IT IS THEREFORE ORDERED this matter is dismissed without

3

prejudice due to plaintiff's failure to demonstrate his full use of the administrative grievance procedure.

IT IS FURTHER ORDERED plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is denied as moot.

Copies of this order shall be transmitted to the plaintiff and to the Clerk of the United States Court of Appeals for the Tenth Circuit.

**IT IS SO ORDERED.**

DATED: This 4th day of October, 2005, at Topeka, Kansas.

> S/ Sam A. Crow
> SAM A. CROW
> U.S. Senior District Judge